UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE GARCIA, | ) |
| | ) |
| Plaintiff, | ) Case: 1:25-cv-05423 |
| | ) |
| v. | ) |
| | ) |
| A.B.C. PLUMBING, HEATING, | ) |
| COOLING, & ELECTRIC, INC., | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Stephanie Garcia ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against A.B.C. Plumbing, Heating, Cooling, & Electric, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendant's sex-based discrimination, sex-based harassment, and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Stephanie Garcia, resides in Cook County, Illinois.

9. At all times material to the allegations in this Complaint, Defendant, A.B.C. Plumbing, Heating, Cooling, & Electric, Inc. is a corporation doing business in and for Cook County, Illinois, whose address is 306 West Campus Drive Suite B, Arlington Heights, Illinois 60004-7831.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12. Plaintiff worked for Defendant as a Permit Coordinator from in or around June 2023 until on or about April 11, 2025.

13. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of their employment, as evidenced by the lack of write ups/ negative performance remarks

in her employee file.

14. Since at least September 2024, through April 11, 2025, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex, violating Title VII.

15. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

16. Starting in or around September 2024, Plaintiff's supervisor, Ashley (LNU, female), consistently made inappropriate comments about her own sex life.

17. Ashley described explicit sexual acts, name-dropped colleagues with whom she claimed to have had affairs with while at work and told Plaintiff that she had sex with a colleague in the office bathroom.

18. Ashley also repeatedly asked intrusive and inappropriate questions about Plaintiff's own relationships, which made Plaintiff uncomfortable.

19. Plaintiff was treated differently than her male counterparts, as Ashley did not subject her male subordinates to this sexually inappropriate and discriminatory behavior.

20. When Plaintiff opposed and expressed her discomfort with this sexual harassment in February or March 2025, Ashley's demeanor changed toward Plaintiff for the worse.

21. This shift indicated that Plaintiff was being penalized or retaliated against for opposing the unlawful sexual harassment.

22. Additionally, Ashley's harassment continued.

23. Plaintiff engaged in protected activity by reporting the harassment directly to her supervisor Ashley on several occasions and eventually escalating her complaint to HR in early

3

March 2025.

24. During a meeting with HR, Plaintiff detailed how Ashley's conduct made her uncomfortable and explained the ongoing harassment.

25. HR did not take any action to remedy the conduct, and did not conduct a prompt, thorough, or objective investigation into Plaintiff's complaints of harassment.

26. Instead, HR subjected Plaintiff to a meeting described as a "vibe check" with HR representative Clarissa Castillo (female) and department manager Melanie (LNU, female) in early March 2025, wherein Plaintiff was accused of being the instigator.

27. They portrayed Plaintiff as anti-social and uncooperative, labeling her as being "off" during interactions, which was a direct result of Plaintiff's refusal to participate in Ashley's inappropriate conversations.

28. However, Plaintiff had never received any formal or informal warnings, complaints, or disciplinary actions related to her behavior or demeanor.

29. This portrayal of Plaintiff was retaliatory and directly linked to Plaintiff's complaints about sexual harassment and her refusal to participate in inappropriate conversations.

30. Just weeks later, on or about April 11, 2025, Plaintiff was unlawfully terminated by Melanie, who cited Plaintiff as "creating a toxic work environment" due to complaints allegedly made by coworkers.

31. Plaintiff was unlawfully terminated because of her sex (female) on or about April 11, 2025.

32. Plaintiff was retaliated against for opposing the sexual harassment by her supervisor, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

33. Plaintiff's termination was the culmination of multiple adverse employment actions that she suffered as a result of her sex, including harassment, retaliation, and ultimately being fired for opposing unlawful conduct.

34. Defendant is liable for the sex-based harassment that Plaintiff endured, as the harassment was severe, pervasive, and resulted in a tangible adverse employment action- Plaintiff's termination- and was committed at the hands of Plaintiff's supervisor.

35. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her supervisor and HR, raising concerns about the sexual harassment she was experiencing.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

36. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

37. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

38. Plaintiff met or exceeded performance expectations.

39. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

40. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

41. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

42. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

43. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of The Civil Rights Act of 1964
### (Sex-Based Harassment)

44. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

45. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46. Defendant knew or should have known of the harassment.

47. The sex-based harassment was severe or pervasive.

48. The sex-based harassment was offensive subjectively and objectively.

49. The sex-based harassment was unwelcomed.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

51. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

52. As a direct and proximate result of the sex-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

53. Plaintiff repeats and re-alleges paragraphs 1-35 as if fully stated herein.

54. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

55. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted sex-based discrimination or sex-based harassment.

56. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

57. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination or harassment.

58. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

59. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

60. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

61. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

62. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay;

      b.      Payment of interest on all back pay and benefits recoverable;

      c.      Compensatory and punitive damages;

      d.      Reasonable attorneys' fees and costs;

      e.      Award pre-judgment interest if applicable; and

      f.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of May, 2025.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Sophia Steere*
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*